IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

_____
In Re:                                                        :
                                                              :   Case No. 15-11364-jkf
Luis A. Santos,                                               :
                                                              :   Chapter 13
                 Debtor                                       :
_____                           :

**OBJECTION TO THE MOTION TO REINSTATE THE
AUTOMATIC STAY AS TO U.S. BANK TRUST NATIONA ASSOCAITION,
AS TRUSTEE OF THE BUNGALO F. SERIES TRUST**

AND NOW, comes U.S. Bank Trust National Association, as Trustee of Bungalow Series F Trust (hereafter "Lender"), by and through their attorneys, Tucker Arensberg, P.C., and files this objection to the Debtor's Motion to Reinstate the Automatic Stay ("Motion") stating as follows:

1. Lender is the holder of a claim secured by real property known as 6649 Cottage Street, Philadelphia, Pennsylvania 19135 (the "Real Property").

2. Debtor entered into a Stipulation in Settlement of Motion for Relief from the Automatic Stay (the "Stipulation") with PHH Mortgage Corporation, f/k/a Coldwell Banker Mortgage (the "Mortgagee") on June 11, 2015.

3. The Stipulation was approved by this Honorable Court on June 17, 2015, at Doc. No. 20.

4. On or about June 28, 2017, U.S. Bank Trust National Association, as Trustee of the Bungalow Series F Trust, c/o BSI Financial Services ("U.S. Bank") filed a Transfer of Claim Agreement 3001(e)2, whereby Mortgagee transferred all of its rights and interests in its claim to U.S. Bank.

5. The Debtor defaulted under the Stipulation by failing to make payments when due.

6. On July 12, 2019, Counsel for Lender sent a Notice of Default (the "Notice") via Certified Mail, First Class Mail and email to counsel for the Debtor advising that the required payments had not been paid and giving the Debtor ten (10) days to cure the default.

7. Debtor failed to make payment of the default

8. On September 25, 2019, Lender filed a Certification of Default under the Stipulation and relief from stay was granted in favor of Lender by Order of Court dated October 7, 2019 (the "Relief Order").

9. Lender objects to the reinstatement of the automatic stay as the Debtor was in default for several months prior to the entry of the Relief Order. In addition, more than 60 days have passed since the Relief Order was entered and the Relief Order is final and non-appealable.

10. Moreover, the Debtor's case is almost over and will likely end in early 2020 as this case was commenced in February 2015.

11. Pennsylvania law allows reinstatement up to one hour before the bidding at the foreclosure sale, a maximum of three times in any calendar year. See 41 Pa. Stat. Ann. § 404.

12. Accordingly, the Debtor may reinstate his mortgage any time prior to the foreclosure sale and reinstatement of the automatic stay is not necessary and will only prejudice the Lender who is entitled to move forward with its foreclosure on the Real Property.

12. The total amount due and owing to reinstate the Mortgage through December 31, 2019 is $16,590.41.

WHEREFORE, U.S. Bank Trust National Association, as Trustee of Bungalow Series F Trust requests this Honorable Court to enter an Order denying the Debtor's Motion to Reinstate the Automatic Stay.

Dated: December 26, 2019

Respectfully submitted,

TUCKER ARENSBERG, P.C.

By: /s/ *Jillian Nolan Snider*
Jillian Nolan Snider, Esquire
Pa. I.D. # 202235
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212

Attorney for U.S. Bank Trust National Association, as Trustee of Bungalow Series F Trust

TADMS:5248152